IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MARINO : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 02-cv-4488 |
| KENT LINE INTERNATIONAL d/b/a : | |
| VOYAGEUR SHIPPING LTD. : | |
| and : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND : | |
| LOGISTICAL TECHNOLOGIES : | |
| and : | |
| INCHCAPE SHIPPING : | |

## AMENDED NOTICE OF REMOVAL

Defendant Inchcape Shipping files this Notice of Removal of the present case from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and avers as follows:

1.      Plaintiff initiated the instant action on June 6, 2002, by filing a Complaint in the Court of Common Pleas of Philadelphia County, captioned *Joseph Marino v. Kent Line International, SLS, Inc., and Inchcape Shipping*, which is docketed at June 2002 No. 000644. *See* Plaintiff's Complaint, attached as Exhibit "A."

2.      Personal service of Plaintiff's Complaint was made on defendant Inchcape Shipping on or after June 10, 2002.

3.      Plaintiff alleges he was injured on June 23, 2000 "engaged as a longshoreman." *See* Exhibit A, ¶ 1.

0688631.01

4.	Plaintiff's Complaint seeks damages against the defendants and alleges that he "suffered severe, permanent, disabling and disfiguring injuries to his leg and spine including pathology . . . [and including] past, present and future lost wages, past, present and future medical bills, pain and suffering and emotional distress."  *See* Exhibit A, ¶ 17

5.	At the time this Complaint was filed, and the time this Notice is being filed, defendant Inchcape Shipping was and is an Alabama corporation with its principal place of business in Mobile, Alabama.

6.	To the best of defendant Inchcape Shipping's information, knowledge and belief, defendant Kent Line International d/b/a Voyageur Shipping Ltd. is incorporated in Canada with its principal place of business at St. John, New Brunswick, Canada.

7.	SLS, Inc. d/b/a Holt Oversight and Logistical Technologies is a Delaware corporation with its principal place of business in New Jersey.

8.	To the best of defendant Inchcape Shipping's information, knowledge and belief, plaintiff Joseph Marino is a citizen and resident of the Commonwealth of Pennsylvania, and at the time this lawsuit was instituted, resided at 401 Ritner Street, Philadelphia, Pennsylvania.  *See* Exhibit "A."

9.	Plaintiff's claims are also subject to the provisions and limitations of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950.

10.	The present lawsuit is removable from the state court to this Court pursuant to 28 U.S.C. §1441(b) and (c), because diversity of citizenship exists between the plaintiff, a citizen and resident of the Commonwealth of Pennsylvania, and the defendants, corporations organized and existing, and with principal places of businesses, outside the Commonwealth of Pennsylvania.  Said diversity of citizenship existed at the time the action sought to be removed

0688631.01

was commenced and continues to the time of the filing of this Notice. The sum in controversy, exclusive of interest and costs, is in excess of $150,000.00, based on the *ad damnum* clauses in the three counts of the Complaint, as well as the damages claimed by plaintiff in ¶ 17 of his Complaint. Therefore, as to said claims, jurisdiction is vested in this Court and the defendant is entitled to removal under 28 U.S.C. §§ 1332 and 1441.

11. Alternatively, the Complaint sets forth separate and independent claims or causes of action against Inchcape Shipping that arise under the laws of the United States and such claims are within the original jurisdiction conferred on the district courts of the United States by 28 U.S.C. §1331.

12. The time for removal has not expired because this Notice of Removal has been filed within 30 days of June 10, 2002, the earliest date Inchcape Shipping received notice in the form of service of process of the initial pleading against Inchcape Shipping proving notice that the present case was removable to this Court. *See* 28 U.S.C. §1446(b).

13. Venue is properly laid in this district because plaintiff alleges that the events giving rise to Plaintiff's claim allegedly occurred in this district. 28 U.S.C. §1391(b).

14. SLS, Inc. d/b/a Holt Oversight and Logistical Technologies joins in and consents to this removal. See Exhibit "C".

15. Inchcape Shipping believes that Kent International of Canada has not been served with the Complaint. Nevertheless, they join in and consent to the removal. See Exhibit "D".

16. **WHEREFORE**, the above-captioned action, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania is removed therefrom to this Honorable Court.

RAWLE & HENDERSON LLP

0688631.01

By:_____
Carl D. Buchholz, III, Esquire
Ann-Michele G. Higgins, Esquire
The Widener Bldg., 16th Floor
One S. Penn Square
Philadelphia, PA 19107
(215) 575-4200
Attorney for Defendant,
Inchcape Shipping

DATED: _____

0688631.01

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the Amended Notice of Removal on behalf of defendant Inchcape Shipping, was sent by First Class Mail, postage prepaid, to the following counsel and/or parties of record:

           Thomas More Holland, Esquire
           Law Offices of Thomas More Holland
           1522 Locust Street
           Grace Hall
           Philadelphia, PA 19102
           **Attorney for Plaintiff**

           RAWLE & HENDERSON LLP

           By:_____
              Ann-Michele G. Higgins, Esquire
              Attorneys for Defendant,
              Inchcape Shipping

              The Widener Building
              One South Penn Square
              Philadelphia, PA  19107
              (2l5) 575-4200

DATED:  _____

0688631.01