IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOseph MARINO : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 02-cv-4488 |
| KENT LINE INTERNATIONAL d/b/a : | |
| VOYAGEUR SHIPPING LTD. : | |
| and : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND : | |
| LOGISTICAL TECHNOLOGIES : | |
| and : | |
| INCHCAPE SHIPPING : | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Inchcape Shipping, by and through its attorneys, Rawle & Henderson, answers plaintiff's Complaint as follows:

1.-5.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1-5 and therefore, denies the same and demands strict proof at trial.

Admitted in part and denied in part.  The averments related to principal place of business are denied.  To the contrary, Inchcape Shipping is an Alabama corporation with its principal place of business in Mobile, Alabama.  As to the averments regarding agency, it is admitted that Inchcape Shipping was acting as an agent for a disclosed principal.

7.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore, denies the same and demands strict proof at trial.

0688703.01

8.	Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore, denies the same and demands strict proof at trial.

9.	Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore, denies the same and demands strict proof at trial.

10.	The allegations contained in paragraph 10 of plaintiff's Complaint are conclusions of law to which no response is required. By way of further answer, it is specifically denied that Gloucester City, New Jersey, is in Philadelphia County.

## COUNT I

6.	The matters alleged in paragraph 11 of plaintiff's Complaint are admitted or denied in the same manner and to the same extent as previously admitted or denied in paragraphs 1 through 10, inclusive, of this Answer, as if fully set forth and repeated.

7.	-17.	The matters alleged in paragraphs 12-17 are directed to parties other than answering defendant and answering defendant neither admits nor denies the allegations.

## COUNT I1

18.	The matters alleged in paragraph 18 of plaintiff's Complaint are admitted or denied in the same manner and to the same extent as previously admitted or denied in paragraphs 1 through 17, inclusive, of this Answer, as if fully set forth and repeated.

19.	-23.	The matters alleged in paragraphs 19-23 are directed to parties other than answering defendant and answering defendant neither admits nor denies the allegations.

## COUNT III

0688703.01

2

24.     The matters alleged in paragraph 24 of plaintiff's Complaint are admitted or denied in the same manner and to the same extent as previously admitted or denied in paragraphs 1 through 23, inclusive, of this Answer, as if fully set forth and repeated.

25.     Admitted.

26.     Denied.

27.      (a-e)   Denied.

28.     Denied.

WHEREFORE, defendant Inchcape Shipping, seeks judgment be entered in its favor and against the plaintiff and that the answering defendant be permitted to recover the costs of this litigation and its disbursements.

## **CROSSCLAIM AGAINST CO-DEFENDANT SLS, INC.**

Answering defendant Inchcape Shipping, brings the following crossclaim against the co-defendants and avers upon information and belief as follows:

1.     Defendant Inchcape Shipping incorporates by reference paragraphs 1-28 of plaintiff's Complaint as if fully set forth herein.

2.     If the averments of plaintiff's Complaint are correct, said averments being specifically denied as they relate to defendant Inchcape Shipping, then the damages alleged by plaintiff were the result of negligence, carelessness, and breach of obligations on the part of defendant SLS, Inc.

3.     The carelessness, negligence and breach of obligations of the co-defendant SLS, Inc. was the sole or a substantial factor in causing the damage claimed by the plaintiff.

0688703.01

4. Inchcape Shipping has incurred and will incur in the future substantial costs and expenses, including counsel fees, involved in the investigation and defense of this matter.

WHEREFORE, defendant Inchcape Shipping respectfully requests judgment be entered against SLS, Inc. for indemnity or contribution for any judgment in favor of the plaintiff, and that answering defendant be permitted to recover the costs of this litigation and its disbursements.

## FIRST SEPARATE DEFENSE

Plaintiff has failed to state a claim against answering defendant for which relief can be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's exclusive remedy is provided by the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §§ 901 *et seq.*

## THIRD SEPARATE DEFENSE

Answering defendant avers upon information and belief that as a result of the injuries alleged in this suit, the plaintiff received compensation benefits through the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA") from his employer and his employer's insurer. Plaintiff is, therefore, not the real party in interest with respect to that portion of the total claim of damages which represents compensation already paid and/or to be paid the plaintiff under any provisions of the LHWCA to which the plaintiff's employer or his employer's insurer had thereby become subrogated.

## FOURTH SEPARATE DEFENSE

0688703.01

Plaintiff's claims are barred in whole or in part by the doctrine of contributory and/or comparative negligence.

## FIFTH SEPARATE DEFENSE

Plaintiff's alleged injuries and/or losses, said injuries or losses being denied, were entirely or substantially caused by the plaintiff's own negligence and/or the negligence of his employer and/or the negligence of co-defendant and/or the negligence of other parties or persons for whom the answering defendant has no responsibility.

## SIXTH SEPARATE DEFENSE

Answering defendant avers that this claim against it is barred by the doctrines of laches, estoppel, waiver, and/or the applicable statute of limitations.

## SEVENTH SEPARATE DEFENSE

At all times material hereto, plaintiff's employer, an expert and experienced stevedoring contractor, had exclusive possession, custody and control of and over the subject vessel, including her cargo, decks, hatches and appurtences.  Moreover, it was the expert stevedore who directed, supervised, controlled, and performed all cargo operations aboard said vessel.

## EIGHTH SEPARATE DEFENSE

Answering defendant owed no duty to plaintiff.

## NINTH SEPARATE DEFENSE

Answering defendant at no time owned, chartered, operated, managed or controlled the subject vessel.

## TENTH SEPARATE DEFENSE

0688703.01

       The condition alleged by plaintiff, the existence of which is denied by answering defendant, was open and obvious and exclusively within the operational control of the plaintiff and his employer, the expert stevedore.

       WHEREFORE answering defendant prays that judgment be entered in its favor and against the plaintiff, dismissing plaintiff's Complaint at plaintiff's cost together with an award of attorney's fees and such further relief as this Honorable Court deems appropriate under the circumstances.

                            RAWLE & HENDERSON LLP

                              By:_____
                                  Carl D. Buchholz, III, Esquire
                                  Ann-Michele G. Higgins, Esquire
                                  The Widener Bldg., 16th Floor
                                  One S. Penn Square
                                  Philadelphia, PA 19107
                                  (215) 575-4200
                                  Attorney for Defendant,
                                  Inchcape Shipping

DATED:  _____

0688703.01

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the Answer to Plaintiff's Complaint on behalf of defendant Inchcape Shipping, was sent by First Class Mail, postage prepaid, to the following counsel and/or parties of record:

>Thomas More Holland, Esquire
>Law Offices of Thomas More Holland
>1522 Locust Street
>Grace Hall
>Philadelphia, PA 19102
>**Attorney for Plaintiff**

>RAWLE & HENDERSON LLP

>By:_____
>Anne A. Cave

>The Widener Building
>One South Penn Square
>Philadelphia, PA  19107
>(2l5) 575-4200

DATED:  _____

0688703.01