IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MARINO<br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>KENT LINE INTERNATIONAL, et al<br>　　　　　　　　　　　Defendants. | Civil Action<br><br>Civil Action No.  02-CV-4488 |

## AMENDED ANSWER OF KENT LINE INTERNATIONAL AND VOYAGEUR SHIPPING, LTD.

Defendants, Kent Line International and Voyageur Shipping, Ltd., by and through undersigned counsel answer plaintiff's complaint upon information and belief as amended herein:

1. Answering Defendant lacks information and knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of Plaintiff's Complaint and, therefore, same are denied and strict proof demanded at time of trial.

2. Denied as stated. Admitted that Kent Line International, Ltd. (incorrectly identified as Kent Line International) and Voyageur Shipping, Ltd. both maintain offices at 300 Union Street, Saint John, New Brunswick, Canada.

3. Denied as stated and averred to the contrary and at all times material hereto the KENT VOYAGEUR was owned by Voyageur Shipping, Ltd. and was managed by Defendant, Kent Line International, Ltd.

4-6. Paragraphs 4-6 of Plaintiff's Complaint refer to Defendants other than answering Defendant, therefore no answer is required. If an answer is deemed necessary, then same is denied and strict proof demanded at time of trial.

7. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint therefore same are denied and strict proof demanded at time of trial.

8. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint therefore same are denied and strict proof demanded at time of trial.

9. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 9 of Plaintiff's Complaint therefore same are denied and strict proof demanded at time of trial.

10. Denied. To the contrary, the alleged incident occurred in New Jersey within the District of New Jersey. It is further, specifically denied that answering Defendant's maintain an office and place of business within this district and within the jurisdiction of this Court. Answering defendants nevertheless admit, solely for the purposes of this action, that jurisdiction of this court and venue are proper.

## COUNT I
## NEGLIGENCE
### *Joseph Marino v. Kent Line International/Voyageur Shipping*

11.     Answering Defendants incorporate herein, by reference, their response as to paragraphs 1 through 10 of Plaintiff's Complaint same as though fully set forth at length.

12.     Paragraph 12 states a conclusion of law to which no answer is necessary, if an answer is deemed necessary than same is denied and strict proof demanded at time of Trial.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Answering Defendants deny all averments of negligence. As to the remaining averments, answering Defendants lack information or knowledge sufficient to form a sufficient to form a belief as to the truth thereof, therefore same are denied and strict proof demanded at time of trial. Wherefore answering Defendant

**WHEREFORE**, answering Defendant prays:

1.     that Plaintiff's Complaint be dismissed with prejudice;

2.     that judgment be entered in favor of answering Defendants and against Plaintiff;

3

3. that answering Defendants be granted such other and further relief as may be just and proper under the circumstances.

## COUNT II
## NEGLIGENCE
### *Joseph Marino v. SLS, Inc. d/b/a Holt*

18. Answering Defendants incorporates herein by reference their answers to paragraphs 1 through 17 of Plaintiff's Complaint same as though fully set forth at length.

19. – 23. Paragraphs 19 through 23 of Plaintiff's Complaint refer to a defendant other than answering Defendant, therefore no answer is necessary. If an answer is deemed necessary than same are denied and strict proof demanded at time the of trial.

**WHEREFORE**, answering Defendant's pray:

1. that Plaintiff's Complaint be dismissed with prejudice;

2. that judgment be entered in favor of answering Defendant;

3. that answering Defendants be granted such other and further relief as may be just and proper under the circumstances.

## COUNT III
## NEGLIGENCE
### *Joseph Marino v. InchCape Shipping*

24. Answering Defendants incorporates herein by reference their answers to paragraphs 1 through 23 of Plaintiff's Complaint same as were fully set forth at length.

4

25. – 28.   Paragraphs 25 through 28 of Plaintiff's Complaint refer to a defendant other than answering Defendant, therefore no answer is required.  If an answer is deemed necessary than same are denied and strict proof demanded at time the of trial.

**WHEREFORE**, answering Defendant's pray:

1. that Plaintiff's Complaint be dismissed;

2. that judgment be entered in favor of answering Defendant and against Plaintiff;

3. that answering Defendant be granted such other and further relief as may be just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

29. Plaintiff, Joseph Marino, was contributorally negligent.

30. Any injury allegedly sustained by Plaintiff, which is denied, was caused and sustained after he had assumed the usual risks inherent in his employment as a longshoreman.

31. Plaintiff's own carelessness was the sole and proximate cause of his alleged injury.

32. The M/V KENT VOYAGEUR was at all times material hereto strong, staunch, seaworthy and manned by competent master, officers and crew who were in no way negligent or careless so as to cause or contribute to the injuries alleged by Plaintiff.

33. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

34. In accordance with the provisions 33 USCA § 905(b) Plaintiff is prohibited from asserting any claim against Defendants based on any theory other than negligence.

35. At the time of Plaintiff's alleged accident and injury, the M/V KENT VOYAGEUR was in the possession and control of an independent contractor, the stevedore employer of Plaintiff. The acts or omissions of Plaintiff's employer, including breach of its duties and obligations, primary or secondary negligence and carelessness caused or contributed to Plaintiff's accidents and injuries.

36. Plaintiff's suit is barred by the Longshoreman and Harbor Workers Compensation Act, 33 USC § 903, due to Plaintiff's failure to institute the action within six months after termination of statutorily required compensation benefits.

**WHEREFORE**, answering Defendants pray:

1. that Plaintiff's Complaint be dismissed with prejudice;

2. that judgment be entered in favor of answering Defendants and against Plaintiff;

3. that answering Defendants be granted such other and further relief as may be just and proper under circumstances.

7

           Respectfully Submitted,


By: _____
    A. Robert Degen, Esquire
    FOX, ROTHSCHILD, O'BRIEN AND
    FRANKEL LLP
    2000 Market Street
    Tenth Floor
    Philadelphia, PA 19103-3291
    (215) 299-2772
    (215) 299-2150 fax

    Attorney for Kent Line International, Ltd.
    and Voyageur Shipping, Ltd.

Dated: February 5, 2003

## CERTIFICATION OF SERVICE

I, A. Robert Degen, Esquire, hereby certify that I caused a true and correct copy of the foregoing Amended Answer to be served today via U.S. First Class Mail on the following counsel:

Thomas More Holland
Law Offices of Thomas More Holland
Grace Hall
1522 Locust Street
Philadelphia, PA 19102

Ann-Michele G. Higgins, Esquire
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

Faustino Mattioni, Esquire
Mattioni, Ltd.
399 Market Street
2nd Floor
Philadelphia, PA 19106

FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
Attorneys for Defendant,
KENT LINE INTERNATIONAL


By: _____
A. Robert Degen, Esquire

Dated: February 5, 2003