# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOSEPH MARINO : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 02-cv-4488 |
| KENT LINE INTERNATIONAL d/b/a : | |
| VOYAGEUR SHIPPING LTD. : | |
| and : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND : | |
| LOGISTICAL TECHNOLOGIES : | |
| and : | |
| INCHCAPE SHIPPING : | |

## DEFENDANT INCHCAPE SHIPPING AND SLS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE

Defendants Inchcape Shipping and SLS, Inc., by and through their attorneys, Respond in Opposition to Plaintiff's Motion for Change of Venue as follows:

1.   -11.   Admitted.

2.   Denied to the extent the allegation is a conclusion of law.

3.   Denied. The foreign-flagged vessel was berthed at New Jersey.

4.   Admitted.

5.   Denied.

6.   Denied. The Amended Answer of Kent Line waives the defense of lack of personal jurisdiction.

7.   Denied. The Amended Answer of Kent Line waives the defense of lack of personal jurisdiction.

0743070.01

8.      Defendant Kent Line's Answer has been supplemented by the filing of an Amended Answer.

9.      See Amended Answer of Kent Line.

10.     Admitted.

11.     Admitted.

12.     Answering defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore, deny the same and demand strict proof at trial.

WHEREFORE, it is respectfully submitted that the just, speedy and inexpensive resolution of every action compels a denial of this Motion, and that the matter remain before this Honorable Court.

RAWLE & HENDERSON LLP

By:_____
    Ann-Michele G. Higgins, Esquire
    The Widener Bldg., 16th Floor
    One S. Penn Square
    Philadelphia, PA 19107
    (215) 575-4200
    Attorney for Defendant,
    Inchcape Shipping

DATED: _____

MATTIONI, LTD.

By:_____
    Faustino Mattioni, Esquire
    399 Market Street, 2nd floor

0743070.01

2

                                              Philadelphia, PA 19106-2138
                                              Attorney for Defendant,
                                              SLS, Inc.

DATED: _____

0743070.01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 02-cv-4488 |
| KENT LINE INTERNATIONAL d/b/a | : | |
| VOYAGEUR SHIPPING LTD. | : | |
| and | : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND | : | |
| LOGISTICAL TECHNOLOGIES | : | |
| and | : | |
| INCHCAPE SHIPPING | : | |

**DEFENDANT INCHCAPE SHIPPING AND SLS, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE**

Plaintiff seeks a transfer of venue in this case from the Eastern District of Pennsylvania to the District of New Jersey. Inchcape Shipping Services and SLS, Inc. are opposed to this Motion because it serves no beneficial purpose to any party, and because it is a waste of judicial resources.

Plaintiff chose its venue by seeking to file in state court in Pennsylvania. Defendants timely removed, and withstood a Motion to Remand initiated by plaintiff. The parties filed their responsive pleadings, including the fact that no party has contested the jurisdiction of this Court. While Kent Line initially preserved a defense of lack of personal jurisdiction, it subsequently filed an Amended Answer with the Court withdrawing this defense. Therefore, the case has the

0743070.01

ability to proceed in this Court with appropriate subject matter jurisdiction, and without objection by any party, save by plaintiff at this late juncture.

Initially, we note that the Supreme Court has advised that the test to evaluate a venue transfer is no different whether a plaintiff or a defendant seeks the transfer. *Ferens v. John Deere Co.*, 494 U.S. 516 (1990). Significantly, in *Ferens*, the Supreme Court held that § 1404(a), the venue statute, does not deprive parties of the state-law advantages that initiated their shopping for a forum in the first instance. However, as federal maritime law controls this claim, even that factor does not weigh in favor of a transfer. Therefore, as applied to this case, plaintiff obtains no advantage, or indeed difference, if his filing is heard in Pennsylvania or New Jersey. As the Third Circuit controls both Pennsylvania and New Jersey, it is difficult to see how the only basis cited by plaintiff, "the interest of justice," even bears sightly in favor of transfer.

A motion to transfer venue is decided pursuant to the private interest and public interest factors delineated in *Gulf Oil v. Gilbert*, 330 U.S. 501 (1946). An analysis of the Gulf Oil factors compels that the Motion seeking venue be denied:

Under the private interest factors, we will presume that plaintiff was treated in Pennsylvania, rather than New Jersey. Second, looking to the defendants, Kent Lines has an office in neither Pennsylvania nor New Jersey, so that does not weigh in favor of one forum over the other. However, Inchcape does have a local office, which is located in Pennsylvania. Plaintiff has sought further information from Inchcape's local office, and any information relevant to the claim would be located in Pennsylvania rather than New Jersey. Plaintiff's allegations relate to actions upon a foreign-flagged vessel while it was in navigable waters. Under the circumstances, if there are any inquiries to regulatory agencies such as the United States Coast Guard, or the Army Corps of Engineers, both of these entities maintain offices in

0743070.01

Philadelphia, rather than New Jersey.  Finally, plaintiff's correspondence issued by counsel to serve as Self-Executing Disclosure, identifies no witnesses, and mentions only that it has a host of documents.  See Exhibit "A."  Therefore, there is no record that any of the witnesses is located in New Jersey.  This evaluation on the private interest side compels that a Pennsylvania Court rather than a New Jersey Court hear the action, and plaintiff's Motion should therefore be denied.         An evaluation of the public interest factors also dictates denial of the Motion.  While the litigation is still in the early stages, the parties have answered various sets of Requests for Admission propounded by plaintiff related to the action.  Additionally, the Court has already set a Scheduling Order, which would be disrupted if the matter needs to proceed in New Jersey instead of Pennsylvania.  The other factors indicate no other advantage to plaintiff of New Jersey over Pennsylvania, as the only remaining factor that would be different would be the trial judge.  *Zelenkofske Axlerod Consulting v. Stevenson*, 1999 WL 592399 (E.D. Pa. Aug. 5 1999), *citing Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  Finally, an overall analysis of public factors requires the Court to abide by the Federal Rules of Civil Procedure, which at Rule 1 compels the "just, speedy and inexpensive determination of every matter."  Fed.R.Civ.P. 1; *Inductotherm Corp. v. Pillar Corp.*, 417 F.Supp. 911 (E.D. Pa. 1976).  A transfer at this point to a Judge in New Jersey would disrupt that goal, and would add more expense and delay to the matter.  Indeed, while the Motion is technically not controlled by the "first-filed rule", *Stone Creek Mechanical Inc. v. Carnes Co., Inc.* 2002 WL 31424390 (E.D. Pa. Oct 25 2002), the issue is analogous and the Court has the final say in its disposition.

   Finally, as noted and as supported by the *Ferens* case, plaintiff's choice of law will not be disturbed whether there is a Motion to Transfer Venue or not; federal maritime law controls regardless of where filed.  Therefore, this is no compelling reason that supports plaintiff's change

0743070.01

3

at this juncture for a different venue and the interest of justice requires that plaintiff's Motion be denied as "[t]he fairest and most efficient cause [is] to permit the parties to litigate all aspects of the dispute in the forum where the controversy was first raised. *Zelenkofske Axlerod Consulting v. Stevenson*, 1999 WL 592399 (E.D. Pa. Aug. 5 1999).

      For these reasons, defendants Inchcape Shipping Services and SLS, Inc. seek that plaintiff's Motion for a Change of Venue be denied.

                                      RAWLE & HENDERSON LLP

                                      By:_____
                                            Ann-Michele G. Higgins, Esquire
                                            The Widener Bldg., 16th Floor
                                            One S. Penn Square
                                            Philadelphia, PA 19107
                                            (215) 575-4200
                                            Attorney for Defendant,
                                            Inchcape Shipping

DATED: _____


                                        MATTIONI, LTD.

                                        By:_____
                                            Faustino Mattioni, Esquire
                                            399 Market Street, 2nd floor
                                            Philadelphia, PA 19106-2138
                                            Attorney for Defendant,
                                            SLS, Inc.

DATED: _____

0743070.01

## **CERTIFICATE OF SERVICE**

       I do hereby certify that a true and correct copy of defendant Inchcape Shipping and SLS, Inc.'s Response in Opposition to Plaintiff's Motion for Change of Venue, was sent via U.S. first class mail, postage pre-paid to the following counsel and/or parties of record:

       Thomas More Holland, Esquire
       Law Offices of Thomas More Holland
       1522 Locust Street
       Grace Hall
       Philadelphia, PA 19102
       **Attorney for Plaintiff**

       A. Robert Degen, Esquire
       Fox, Rothschild, O'Brien & Frankel
       2000 Market Street, Tenth Floor
       Philadelphia, PA 19103-3291

       Faustino Mattioni, Esquire
       Mattioni, Ltd.
       399 Market Street, 2nd floor
       Philadelphia, PA 19106-2138

       RAWLE & HENDERSON LLP


       By:_____
          Anne A. Cave

       The Widener Building
       One South Penn Square
       Philadelphia, PA  19107
       (2l5) 575-4200

DATED:  _____

0743070.01

**CERTIFICATE OF SERVICE**

        I do hereby certify that a true and correct copy of defendant Inchcape Shipping and SLS, Inc.'s Memorandum of Law, was sent via U.S. first class mail, postage pre-paid to the following counsel and/or parties of record:

        Thomas More Holland, Esquire
        Law Offices of Thomas More Holland
        1522 Locust Street
        Grace Hall
        Philadelphia, PA 19102
        **Attorney for Plaintiff**

        A. Robert Degen, Esquire
        Fox, Rothschild, O'Brien & Frankel
        2000 Market Street, Tenth Floor
        Philadelphia, PA 19103-3291

        Faustino Mattioni, Esquire
        Mattioni, Ltd.
        399 Market Street, 2nd floor
        Philadelphia, PA 19106-2138

        RAWLE & HENDERSON LLP


        By:_____
           Anne A. Cave

        The Widener Building
        One South Penn Square
        Philadelphia, PA 19107
        (2l5) 575-4200

DATED: _____

0743070.01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 02-cv-4488 |
| KENT LINE INTERNATIONAL d/b/a | : | |
| VOYAGEUR SHIPPING LTD. | : | |
| and | : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND | : | |
| LOGISTICAL TECHNOLOGIES | : | |
| and | : | |
| INCHCAPE SHIPPING | : | |

## **ORDER**

AND NOW, TO WIT, this _____ day of _____, 2002, it is hereby ORDERED and DECREED that plaintiff's Motion to Transfer Venue be DENIED.

_____

J.

0743070.01