IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENT LINE INTERNATIONAL, et al., | : | No. 02-4488 |
|     Defendants. | : | |

<u>MEMORANDUM AND ORDER</u>

**Schiller, J.**                                                                                                       **November    , 2002**

    Plaintiff Joseph Marino, a longshoreman, commenced this action by filing a Complaint in the Court of Common Pleas for Philadelphia County on June 6, 2002. Plaintiff alleged that he was injured while employed as a stevedore aboard a vessel, the *Kent Voyageur*, that was docked in the Port of Philadelphia's Gloucester City, New Jersey Terminal. Plaintiff claimed negligence against Kent Line International, the owner and operator of the vessel, SLS, Inc., the operator of the stevedoring terminals within the Port of Philadelphia, and Inchcape Shipping, the local agent of Kent Line. Presently before this Court is Plaintiff's Motion for Change of Venue from this district to the District of New Jersey. Because Plaintiff fails to establish that a balancing of proper interests weigh in favor of the transfer, I deny Plaintiff's motion.

**I.    BACKGROUND**

    Plaintiff averred in his Complaint that jurisdiction and venue were proper in Philadelphia County because "the cause of action arose in Philadelphia County; the transaction or occurrence occurred in Philadelphia County and Defendants do business in Philadelphia County." (Pl.'s Compl. at 2.) On July 8, 2002, Defendant Inchcape Shipping Services filed a Notice of Removal in this Court and on August 1, 2002, this Court heard oral argument on the issue of removal, ultimately determining that removal was proper and that this Court could exercise jurisdiction pursuant to 28

U.S.C. § 1332 over the matter. On August 22, 2002, Kent Line filed an Answer in which it objected to venue in this district based its objection on the fact that the events giving rise to the claim occurred in Gloucester, New Jersey. Kent Line also objected to this Court's exercise of personal jurisdiction over it based on the fact that Kent Line maintains no office or place of business within this district. On October 16, 2002, the date of the scheduling conference in this litigation, Plaintiff filed his Motion for Change of Venue, now also alleging that the events giving rise to the claim occurred in Gloucester City, New Jersey. At the scheduling conference, Plaintiff's counsel indicated that their objection to venue was motivated by a concern with Kent Line's objection to personal jurisdiction in this district. Kent Line agreed to waive its venue and personal jurisdiction objections and to amend its Answer accordingly. Plaintiff's counsel represented that he would withdraw his objection to venue based on Defendants' agreement to waive their objection to personal jurisdiction. Thus, the Court issued a Scheduling Order on October 17, 2002 setting trial for May 19, 2003. On October 18, 2002, Kent Line filed an Amended Answer which stated, "jurisdiction of this court and venue are proper." (Def.'s Am. Answer at 2.) On October 31, 2002, Plaintiff's counsel submitted a letter to the court indicating that he had not, in fact, agreed to withdraw the venue motion. Subsequently, all Defendants filed motions opposing Plaintiff's proposed change of venue.

**II. DISCUSSION**

The statute governing the transfer of venue in civil actions, generally, 28 U.S.C. § 1404(a) provides, "for the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Plaintiff filed his motion for change of venue pursuant to 28 U.S.C. § 1412, the transfer statute governing bankruptcy matters, which provides, "a district court may transfer a case or proceeding

under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." While it is unclear why Plaintiff relies on § 1412, rather than § 1404, the analysis for the purpose of ruling on Plaintiff's motion is essentially the same under either statute.[1]

The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district. *Pro Spice, Inc. v. Omni Trade Group, Inc*. 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001). If the first prong of the inquiry is satisfied, the then court determines whether a transfer would be appropriate by weighing a series of private and public factors. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The burden of proof "is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara*, 55 F.3d at 879; *Elbeco Inc. v. Estrella de Plato Corp.*, 989 F. Supp. 669, 679 (E.D. Pa. 1997).

### A. The Propriety of Venue in the District of New Jersey

Under 28 U.S.C. § 1391(a), venue will lie in a diversity action "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the acts or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which

---

[1] The decision to transfer venue under either section § 1404 or § 1412 has been determined to turn on the same issues. *See In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3d Cir. 1995) ("Section 1412 largely include[s] the same criteria for the transfer of cases as section 1404(a), i.e., 'the interest of justice' or 'the convenience of the parties'. . . ."). The only factor not expressly listed in § 1412 is the convenience of the witnesses. However, courts which use § 1412 to determine the merits of a transfer motion subsume the convenience of the witness' inquiry into the convenience of the parties inquiry. *See e.g., In re Oklahoma City Assocs.*, 98 B.R. 194, 199 (Bankr. E.D. Pa. 1989); *In re Indus. Pollution Control, Inc.*, 137 B.R. 176, 181 (Bankr. W.D. Pa. 1992).

the action may otherwise be brought." Here, it appears beyond dispute that the *Kent Voyageur* was berthed in Gloucester, New Jersey at all times material to the incidents giving rise to Plaintiff's claim. (Pl.'s Compl. at 2, Def.'s Am. Answer at 2.) I must consider only the location of those events or omissions that give rise to the Plaintiff's claim and not the Defendant's contacts with a particular district. *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Thus, the location of Defendants' offices do not impact the rather unsurprising conclusion that venue may properly lie in the District of New Jersey.

### B. The Private Interests

Factors relevant to the private interest include: (1) plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses – but only to extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara*, 55 F. 3d at 879-80 (citations omitted); *accord Perry v. Markman Capital Mgmt.*, Civ. A. No. 02-744, 2002 U.S. Dist. LEXIS 19103, at *33-37 (E.D. Pa. 2002) (applying *Jumara*).

While Plaintiff's forum choice "is a paramount consideration in any determination of a transfer request," *Shutte*, 431 F.2d at 25, the burden should be at least as heavy on a plaintiff seeking to change a forum that he himself selected, as it is when defendant is the moving party. 15 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS § 3848, at 385 (2d ed. 1986); *see also Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566, 569 (M.D. Pa. 1999) (declining to accord plaintiff's second forum choice great weight where plaintiff, not defendant, is the moving party). Further, despite Kent Line's initial objection,

all three Defendants have exhibited a preference for venue in this district.

Transfer would appear to offer only a modicum of improvement in the convenience to the parties and witnesses. Plaintiff resides in Philadelphia. (Pl.'s Compl. at 1.) Inchcape, an Alabama Corporation, maintains a local office in Pennsylvania. (Def.'s Resp. in Opp. at 2.) Kent Line has an office in Canada, but no office in either Pennsylvania or New Jersey. (*Id*.) SLS has its office and principal place of business in Gloucester City, New Jersey (Answer of SLS at 1), but has indicated its preference that the action remain in this district.

The record offers no indication that either forum will be more or less convenient to witnesses, and, as Defendants' note, the Coast Guard and Army Corps of Engineers maintain offices in Philadelphia, not New Jersey. Similarly, the books and records do not appear to be located such that only one of the two fora will inhibit production. Plaintiff has not specified the location of his medical records, and it seems reasonable to expect that Inchcape will hold many of the relevant documents in its Pennsylvania offices.

The strongest factor in favor of transfer, of course, is the fact that the incidents giving rise to the Complaint all occurred in Gloucester City, New Jersey. However, the "District of New Jersey is literally across the Delaware river from the Eastern District of Pennsylvania" and it is therefore difficult to imagine what great advantage might accrue to Plaintiff through transfer. *Reed v. Weeks Marine, Inc*., 166 F. Supp. 2d 1052, 1058 (E.D. Pa. 2001).

### C.    The Public Interests

Factors relevant to the public interest include: (1) the enforceability of the judgment, (2) practical considerations that would make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of

the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F. 3d at 879-80 (citations omitted); *accord Perry*, 2002 U.S. Dist. LEXIS 19103, at *33-37 (applying *Jumara*).

Defendants have a strong argument that because Plaintiff was employed as a longshoreman when his alleged injury occurred, the Longshore and Harbor Workers' Compensation Act governs this action.[2] Section 905(b) of the Act establishes a comprehensive workers' compensation program for longshoremen and their families.[3] Specifically, §905(b) provides longshoremen with a cause of action for injuries resulting from the negligence of a ship or its crew. *Serbin v. Bora Corp.*, 96 F.3d 66, 70 (3d Cir. 1996). Claims brought under the Act are evaluated according to general common law principles. *Id*. This diminishes the ostensible interest of the District of New Jersey in presiding over this action.

The Court and the parties do not appear to have invested vast amounts of time and effort to date in the litigation. However, a scheduling order has issued and it is reasonable to conclude that expectations of litigation in this forum have developed, as Defendants contend.

In sum, Plaintiff's unexplained contention that transfer "is in the interest of justice" coupled solely with the fact that the relevant events occurred in New Jersey fails to establish that a balancing of proper interests weigh in favor of the transfer. *KCJ Corp. v. Kinetic Concepts, Inc.*,

---

[2] Section 902 of the LHWCA states in relevant part, "the term 'employee' means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations."

[3] 33 U.S.C. § 905 (b) provides, in relevant part, "in the event of injury to a person covered under this Act caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel . . . the remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this Act."

18 F. Supp. 2d 1212, 1214 (D. Kan.1998) (finding that in ruling on defendant's motion to transfer venue, it is not sufficient for defendant to show that claim arose elsewhere); *Continental Airlines, Inc. v. American Airlines, Inc*., 805 F. Supp.1392, 1936 n.10 (S.D. Tex.1992); *Kimball v. Schwartz* 580 F. Supp. 582, 588 (D.C. Pa.. 1984); *Berrigan v. Greyhound Lines*, Inc. 560 F. Supp. 165, 169 (D.C. Mass.1982).  Plaintiff's failure to raise the issue until the date of the scheduling conference, more than four months after it had filed a Complaint in Pennsylvania state court, does not help his cause.

      **D.**      **Plaintiff's Request for Interlocutory Appeal**

In Plaintiff's October 31, 2002 letter to the Court urging consideration of the Motion to Change Venue, Plaintiff requests that in the event that I choose to deny his motion, I certify my decision for interlocutory appeal. Plaintiff's request is denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH MARINO,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **KENT LINE INTERNATIONAL, et al.,** | : | No. 02-4488 |
| Defendants. | : | |

## ORDER

**AND NOW**, this      day of **November**, **2002**, upon consideration of Plaintiff's Motion for Change of Venue and the responses thereto, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Change of Venue (Document No. 19) is **DENIED**.

2. Plaintiff's request for an interlocutory appeal of this Order is **DENIED**.

3. All applicable deadlines shall remain as set forth in the Scheduling Order of October 17, 2002.


BY THE COURT,


_____
**Berle M. Schiller, J.**