IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | NO. 03-3058 |
| | : | |
| v. | : | |
| | : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND | : | |
| LOGISTICAL TECHNOLOGIES, ET AL. | : | |
| | : | |
| Defendants | : | |

**AFFIDAVIT OF MICHAEL J. HOLT**

STATE OF NEW JERSEY

VICINAGE OF CAMDEN

Michael J. Holt, being first duly sworn, deposes and states:

1. From February 1, 1999, to and including the date of the incident in this Complaint, I was the Director, Secretary and Treasurer of SLS, Inc. d/b/a Holt Oversight and Logistical Technologies, a Co-Defendant in the herein action. This Affidavit is based on my personal knowledge and records kept by SLS, Inc. d/b/a Holt Oversight and Logistical Technologies in the normal course of its business.

2. This Affidavit is respectfully submitted in support of Defendants SLS, Inc. d/b/a Holt Oversight and Logistical Technologies' (hereinafter "Holt") Motion for Summary Judgment.

3. At relevant times, Holt was a service agency which performed various professional consultant services for its principals, including contract administration, bookkeeping, billing and invoicing, insurance administration, risk management, and inventory management and control.

4. In this agency capacity, Holt provided management services to Trans Ocean in the latter's stevedoring business. These services included contract administration, bookkeeping, billing and invoicing, and inventory management and control.

5. At all times, Holt acted as a disclosed agent for its principal, Trans Ocean Maritime Services, Inc.

6. In this capacity, Joseph Levy was assigned to Trans Ocean Maritime Services, Inc. to provide management services in the capacity of General Manager, and worked in this capacity from late 1996 until May 1, 2002. His duties at Trans Ocean were to provide management and administrative oversight to general operations: billing, invoicing, contract administration, inventory and general management.

7. Although safety is a component of any managerial job, Mr. Levy's was not assigned, and did not perform, the duties of a risk manager, safety manager, or claims manager during his assignment at Trans Ocean.

8. Mr. Levy had no active involvement in the discharge operations of the M/V KENT VOYAGEUR on June 23, 2000, at Port of Philadelphia's Gloucester City, New Jersey Terminal.

9. The only other Holt employee who was assigned to Trans Ocean during the time period relevant to this litigation was Madeleine Herbert, whose duties were limited to Trans Ocean's billing activities. Ms. Herbert had no active involvement in the discharge operations of the M/V KENT VOYAGEUR on June 23, 2000, at Port of Philadelphia's Gloucester City, New Jersey Terminal.

10. Holt billed its principal Trans Ocean for its services, including but not limited to the above described services of Mr. Levy and Ms. Herbert, and Trans Ocean paid these billings.

11. During all relevant times, Maureen Levy, Joseph Levy's daughter, was employed by Holt as an Environmental Compliance Administrator. At no time was she assigned to or employed with Trans Ocean Maritime Services, Inc., nor did she have any involvement with its operations, including the discharge operations of the M/V KENT VOYAGEUR on June 23, 2000, at Port of Philadelphia's Gloucester City, New Jersey Terminal.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
Michael J. Holt

State of New Jersey

Vicinage of Camden

BEFORE ME, the undersigned authority, personally came and appeared Michael J. Holt, personally known to me, who after being duly sworn, did depose and say that the above is true and correct, and did sign the above statement before me.

_____