IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MARINO : | CIVIL ACTION |
| Plaintiff : | NO. 02-4488 |
| v. : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND : LOGISTICAL TECHNOLOGIES, ET AL. : | |
| Defendants : | |

**JOSEPH AND MAUREEN LEVY'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS JOSEPH LEVY AND MAUREEN LEVY**

NOW COMES, Joseph Levy and Maureen Levy, specially appearing by and through their undersigned counsel, and in response to Plaintiff's Motion for Entry of Default Judgment against them, state as follows:

1. Denied that the first action, *Joseph Marino vs. Kent Line International d/b/a Voyageur Shipping Ltd., et al.,* case. no. 02-cv-4488, was filed in 1992. It was filed in 2002. Admitted that in May of 2003, the subsequent cause of action, No. 03-CV-3058, against Defendant SLS, Inc. d/b/a Holt Oversight and Logistical Technologies, Trans Ocean Maritime Services, Inc., Joseph Levy and Maureen Levy was filed.

2. Admitted.

3. Denied. Joseph Levy was never served in this action. Despite Mr. Levy providing Plaintiff's counsel with his home address and informing him that neither he nor his daughter, Maureen, worked for

Holt any longer (Ex. "A," Jos. Levy dep. transcript excerpts[1]), and despite Maureen Levy's address being listed and easily accessible (Ex. "B," copy of internet White Pages listing), Plaintiff had the process server attempt service on the Levy's at Holt Logistical Technologies, Inc.'s office at 101 South King Street, Gloucester City, New Jersey.[2] At the time of this attempted service, neither Joseph or Maureen Levy were employees of Holt or of Trans Ocean, nor did they have an office at this building (Ex. "A"). Maureen has been working at a company in Paulsboro, New Jersey, having nothing to do with Holt or Trans Ocean since, June of 2001 (Ex. "C," Maureen Levy Affidavit). Indeed, as evidenced by Exhibit "D," when Linda M. Handy, Legal Assistant at Holt, was presented with the papers on May 30, 2003, she immediately telephoned Mr. Holland and sent him a letter on the same day, stating that she had no authority to accept service on behalf of Joseph Levy or Maureen Levy. She stated she had authority to accept service on behalf of Holt and Trans Ocean only. Joseph Levy was employed at the time at Gloucester Terminals, LLC (Ex. "B") which was located at a separate facility and had no offices at Holt's office where service of process was attempted on him (Ex. "E," Linda M. Handy, Holt Legal Assistant Affidavit).

4. Acknowledged that Plaintiff's Exhibit "A" is a copy of a summons and Return of Service which indicates that Plaintiff's process server states that he served Ms. Handy with original process for Joseph Levy and Maureen Levy. It is denied that service was ever effected on the Levy's. It is denied that Ms. Handy ever indicated that she had any authority to accept service on behalf of Joseph or Maureen Levy. It is further averred that, indeed, she specifically stated that she did not have such authority and immediately

---

[1] All exhibits referenced herein are attached to the accompanying Memorandum of Law in Support of this Response. Specific page numbers to the Ex. "A," Jos. Levy dep. trans., are specified therein.

[2] Note that this is a separate entity from Co-Defendant SLS, Inc. d/b/a Holt Oversight and Logistical Technologies, the latter of which is no longer in business (see Ex. "E").

advised Plaintiff's counsel of this fact, by telephone and letter (Ex. "D" and "E").

    5. Denied. Maureen Levy was never served in this action. Despite Mr. Levy providing Plaintiff's counsel with his home address and informing him that neither he nor his daughter, Maureen, worked for Holt any longer (Ex. "A," Jos. Levy dep. transcript excerpts), and despite Maureen Levy's address being listed and easily accessible (Ex. "B," copy of internet White Pages listing), Plaintiff had the process server attempt service on the Levy's at Holt Logistical Technologies, Inc.'s office at 101 South King Street, Gloucester City, New Jersey. At the time of this purported service, neither Maureen nor Joseph Levy were employees of Holt or of Trans Ocean, nor did they have an office at this building (Ex. "A," Jos. Levy dep. excerpts). Maureen Levy was and is employed at Miller Environmental Group, which is located at 105 Riverview Drive, Paulsboro, New Jersey, and has nothing to do with Holt nor any offices at Holt's office where service was attempted on her (Ex. "C"). Indeed, as evidenced by Exhibit "D," when Linda M. Handy, Legal Assistant, at Holt, was presented with the papers on May 30, 2003, she immediately telephoned Mr. Holland and sent him a letter on the same day, stating that she had no authority to accept service on behalf of Joseph Levy or Maureen Levy. She stated that she had authority to accept service on behalf of Holt and Trans Ocean only.

    6. Acknowledged that Plaintiff's Exhibit "A" is a copy of a summons and Return of Service which indicates that Plaintiff's process server states that he served Ms. Handy with original process for Joseph Levy and Maureen Levy. It is denied that service was ever effected on the Levy's. It is denied that Ms. Handy ever indicated that she had any authority to accept service on behalf of Joseph or Maureen Levy. It is further averred that, indeed, she specifically stated that she did not have such authority and immediately advised Plaintiff's counsel of this fact, by telephone and letter (Ex. "D" and "E").

7. Admitted. Joseph Levy was never served in this action and thus has no obligation to enter an appearance. Furthermore, this Court has no personal jurisdiction over Mr. Levy since at the time of the incident he resided in New Jersey, worked in New Jersey, and the incident which is the subject of the Complaint occurred in New Jersey.

8. Admitted. Maureen Levy was never served in this action and thus has no obligation to enter an appearance. Furthermore, this Court has no personal jurisdiction over Ms. Levy since at the time of the incident she resided in New Jersey, worked in New Jersey, and the incident which is the subject of the Complaint occurred in New Jersey.

9. Admitted.

10. Admitted, except as to this special appearance for the purposes of responding to this Motion. Neither Joseph or Maureen Levy were served.

11. Denied.

**WHEREFORE**, Joseph Levy and Maureen Levy pray this Honorable Court deny Plaintiff's Motion for Entry of Default Judgment against them, and award costs and reasonable attorney fees against Plaintiff for filing this Motion which lacks factual or legal foundation.

Respectfully submitted,
MATTIONI, LTD.

Dated: September 5, 2003: _____  BY: _____
FAUSTINO MATTIONI, ESQUIRE
PAUL A. KETTUNEN, ESQUIRE
399 Market Street, Second Floor
Philadelphia, PA 19106
(215)629-1600

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | NO. 02-4488 |
| | : | |
| v. | : | |
| | : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND | : | |
| LOGISTICAL TECHNOLOGIES, ET AL. | : | |
| | : | |
| Defendants | : | |

**O R D E R**

AND NOW, this          day of              , 2003, upon consideration of Plaintiffs' Motion for Entry of a Default Judgment against Defendants Joseph Levy and Maureen Levy, and all responses thereto;

IT IS HEREBY ORDERED that said Motion is Denied.


BY THE COURT:



_____
                                    J.