IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO | : | CIVIL ACTION |
| Plaintiff | : | NO. 02-4488 |
| v. | : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND LOGISTICAL TECHNOLOGIES, ET AL. | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF JOSEPH AND MAUREEN LEVY'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST THEM**

**I. FACTS**

Joseph and Maureen Levy, father and daughter, make this special appearance for purposes of responding to Plaintiff's Motion for Entry of Default against them.

When Plaintiff took Joseph Levy's deposition in early April 2003, Mr. Levy clearly testified that he was no longer an employee of Holt. He testified that he was an employee of Holt from June or July 1994 through May 1, 2002 (Exhibit "A," Levy dep., pp. 15-16). He testified that at the time of his deposition he was working for Gloucester Terminals, LLC. (*id*, p.5, 57-58). He provided Plaintiff's counsel his home address in New Jersey: 615 Newton Avenue, Oaklyn, 08107 (*id.*, pp. 64-65). He also testified that Maureen Levy, his daughter, was an Environmental Compliance Administrator with Holt at the time alleged incident, but was no longer employed in the industry (*id.*, pp. 65-66). He testified that she never worked at Trans Ocean Maritime nor was she ever assigned there by Holt (*id.,* pp. 66-68).

Plaintiff's counsel never asked Joseph Levy at his deposition what his daughter's home address was, nor did he seek this information through any other form of discovery. But he needn't have, since Maureen Levy's address and telephone number are easily accessible. She is listed in the New Jersey White Pages as living in the same town as her father lives, with the following address and telephone number: 118 Woodland Terrace, Oaklyn, New Jersey 08107 (856) 854-5778. This information can be accessed by telephoning information for the Camden area, reviewing the telephone directory, or through the internet (See attached Exhibit "B"). She has resided there for the past one and one half years, and for the previous 26 years resided with her parents, Joseph and Ellen Levy, at their home address on Newton Avenue in Oaklyn, New Jersey (Ex. "C" Affidavit of Maureen A. Levy). Since June 18, 2001, Ms. Levy has been employed at Miller Environmental Group, in Paulsboro, New Jersey, a company having nothing to do with Holt or Trans Ocean or any related companies (*id.*). At the time of the incident, she was employed by Holt in their Regulatory Compliance Department, and was never assigned at any time to Trans Ocean (*id.*).

Despite these facts, Plaintiff chose to attempt to serve Joseph and Maureen Levy at Holt Oversignt and Logistical Technologies, Inc.'s offices at 101 South King Street, Gloucester City, New Jersey.[1] Ms. Handy, a Legal Assistant at that office, accepted service on behalf of Holt and Trans Ocean, but expressly did not accept service on behalf of Joseph and Maureen Levy, since they do not work for Holt nor do they have any offices there (Ex. "D," letter of May 30, 2003 from Linda M. Handy, Legal Assistant at Holt to Plaintiff's counsel; Ex. "E," Linda M. Handy Affidavit). Ms. Handy, on the day of the attempted service, May 30, 2003, immediately telephoned Plaintiffs' counsel

---

[1] Note that this is a separate entity from Co-Defendant SLS, Inc. d/b/a Holt Oversight and Logistical Technologies, the latter of which is no longer in business (see Ex. "E").

as well as wrote him, stating this (*id*.). Joseph Levy's employer at the time, Gloucester Terminals, LLC, had its offices in a separate facility with a separate address. Neither Joseph nor Maureen Levy were employed or had offices at Holt's office at 101 King Street, Gloucester, New Jersey, where service was attempted on them (Ex. "E").

Discovery in this matter closed on July 14, 2003.

**II. LAW**

Despite Plaintiff having access to the Levy's residential addresses in New Jersey, despite the testimony of Joseph Levy that neither he nor his daughter worked for Holt or Trans Ocean, and despite Holt immediately informing Plaintiff's counsel that Holt had no authority to accept service on behalf of Joseph and Maureen Levy since they were not employed there and did not have offices there, Plaintiff has filed the instant motion requesting default be entered against Joseph and Maureen Levy. The Motion should be denied since the facts are clear that service was never made upon these individuals. Moreover, even if Plaintiff were to have obtained service, this Court would lack personal jurisdiction over the Levy's.

  **A. No Proper Service**

Fed. R. Civ. P. 4(e) provides that service of process on an individual may be effected in the United States: (1) pursuant to the law of the state in which the District Court is located or in which service is effected, or (2) by serving the individual personally, or leaving copies at the individuals usual place of abode with a person of suitable age and residing there, or by delivering the process to an agent authorized by appointment or by law to receive the service.

Plaintiff chose to attempt service of the Levy's at a location where Holt maintains offices, even though they were neither employed nor had offices there. Service on an individual at his office

is not even authorized under either Fed. R. Civ. P. 4(e) or the New Jersey Court Rules (see: N.J. Court Rules 4:4-4). Although service of process on an individual may be effected under the Pennsylvania Rules of Court by handing a copy "at any office or usual place of business of the Defendant to its agent or to the person for the time being in charge thereof" (Pa.R.C.P. Rule 402(a)(2)(iii)), the facts are clear that this alternative method of service was unavailable to Plaintiff since neither of the Levy's worked for Holt at the time.[2]

In short, the facts are undisputed that service of process was never made on Joseph and Maureen Levy. Plaintiff chose not to serve them personally at their home addresses, but instead to improperly utilize Pa.R.C.P.402(a)(1)(iii). No service was ever effected on them under this method since the facts are undisputed that they were not employed nor did they have offices at either Holt or Trans Ocean at the time service was attempted at Holt's office.

---

[2]Even assuming, *arguendo*, that the Levy's were employed at Holt at the time, this would not have been proper service since the case law in Pennsylvania is firm that this method of service can only be utilized where the Defendant possesses "more proprietary responsibility and control over the business than that possessed by the average employee." <u>Pincus v. Mutual Assurance Co.</u>, 457 Pa. 94, 99, 321 A.2d. 906, 910 (1974), construing Pa.R.C.P. 1009(b), now superceded but substantially similar to the current Rule (trustee of corporation possessed requisite proprietary interest for effective service at corporate office); <u>Sharp v. Valley Forge Med'l Center</u>, 422 Pa.124, 221 A.2d. 185 (1996) (although doctor had office at hospital where service attempted, he did not possess adequate interest as he worked in an intern capacity); <u>Branch v. Foort</u>, 397 Pa.99, 152 A.2d. 703 (1959) (maintenance employee did not possess sufficient proprietary or management interest in business for effective service); <u>Slater v. Goldberg</u>, 266 Pa. Super 52, 402, A.2d. 1073 (1979) (defendants had sufficient interest to allow effective service where corporate office wholly owned them); <u>Williams v. Office of the Public Defender, County of Lehigh County</u>, 402 Pa. Super. 188,192, 586 A.2d. 924 (1990) (service on Public Defender proper on public defender attorneys at office since they "formed an integral part of its functioning and management."; <u>Maxine Jacoby & Associates vs. Graf</u>, 44 Pa. D. & C. 4th 566, 66, 2000 Pa. & C. LEXIS 210 (Alleg. Common Pleas, 2000) (no proper service on associate of law firm since he had no more proprietary responsibility or control over the business than the average employee).

U:\DOCS\pak\Transocean-Holt-Marino\M Law Rsp Mot Def 9-5-03 .wpd

4

### B. Even if There had Been Proper Service, this Court Would Lack Personal Jurisdiction Over the Levy's

Even assuming, *arguendo*, that the Levy's had been served, this Court would have no personal jurisdiction over them since at all material times they have resided in New Jersey, worked in New Jersey, and the incident complained of occurred in New Jersey.

The question of whether this Court may exercise personal jurisdiction over a non-resident such as Defendant is tested against Pennsylvania's Long Arm Statute, 42 Pa. C.S.A. Section 5322, which scope is coextensive with the due process clause of the U.S. Constitution. Mellon Bank (East) PSFS, National Association v. Farino, 960 F.2d 1217, 1223 (3rd Cir. 1992); Remick v. Manfredy, 238 F.3d 248 (3rd Cir. 2001); Friedman v. Israel Labor Party, 957 F. Supp. 701 (E.D. Pa. 1997); Kubik v. Letteri, 614 A. 2d 1110, 532 Pa. 10 (Pa. 1992).

There are only two ways in which Plaintiff can carry the burden of demonstrating sufficient contacts between the forum and the Levy's. The first, "specific jurisdiction," would apply if Plaintiff's claims were related to or arose out of the Levy's specific activities within the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-474, 85 L. Ed. 2d528, 105 S.Ct. 217 (1985); Gavigan v. Walt Disney World, Inc. 646 F.Supp. 786, 787 (E.D. Pa. 1986). The second, "general jurisdiction", would apply if the Levy's maintained "continuous and substantial" contacts with the forum. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 80 L. Ed. 2d 404, 104 S.Ct. 1868 (1984); Slota v. Moorings, Ltd., 343 Pa. Super. 96, 494 A.2d 1, 2-3 (1985).

In order to satisfy the requirements of specific jurisdiction, two prongs must be met: A defendant must have purposefully availed itself of acting within the forum state thus invoking the benefits and protection of its laws *and* the cause of action must arise from the Defendant's activities

within the forum state to make the exercise of jurisdiction reasonable. Mellon Bank, *supra*, at 1221; Slota, 494 A.2d at 3-4; Dollars Savings Bank v. First Security Bank of Utah, 746 F.2d 208, 211 (3rd Cir. 1984). Plaintiff's claims against the Levy's have no relation to Pennsylvania. Plaintiff's claims are not the result of anything the Levy's purportedly did in Pennsylvania. The Levy's neither lived nor worked in Pennsylvania, and the incident complained of did not occur in Pennsylvania. In situations such as this, the law is clear:

> When a plaintiff brings an action for . . . injuries suffered in another state . . . courts have concluded that the cause of action does not arise from the defendant's forum contacts for the purposes of asserting [specific] personal jurisdiction.[3]

Likewise, there would be no basis to assert general personal jurisdiction over the Levy's. To establish general jurisdiction, the Plaintiff would have to prove that the Levy's maintained "continuous and substantial" forum affiliations. Helicopteros Nacionales de Colombia S.A. v. Hall, *supra*, 466 U.S. 408, 414, nn. 8-9; Slota, *supra*, 494 A.2d at 4-6; Gehling v. St. Georges School of Medicine, Ltd., 773 F.2d 539 (3rd Cir. 1985). General jurisdiction requires that the Plaintiff prove greater contacts between themselves and the forum than those "minimum contacts" required to establish specific jurisdiction. Reliance Steel Products v. Watson Ess Marshall & Enggas, 675 F.2d 587, 588-89 (3rd Cir. 1982); Peek v. Golden Nugget Hotel & Casino, 806 F.Supp 555, 557 (E.D. Pa. 1992). It is Plaintiff's burden to adduce "extensive and persuasive" facts indicating that they maintained continuous and substantial forum affiliations. Reliance Steel Prod. v. Watson, Ess,

---

[3] Peek v. Golden Nugget Hotel & Casino, 806 F.Supp. 555, 558 (E.D. Pa. 1992). See also: Slota, 494 A.2d at 4; Gavigan v. Walt Disney World, Inc., 646 F.Supp. 786, 787 (E.D. Pa. 1986); see also, Pearrow v. Nat. Life & Accident Insur. Co., 703 F.2d 1067, 1069 (8th Cir. 1983)("Pearrow's cause of action is for negligence and it cannot be said [it] . . . arose out of the solicitation in [the forum]).

Marshall, & Enggas, *supra*, 675 F.2d 587, 588-589 (3rd Cir. 1982).

Here, the Levy's contacts with Pennsylvania are more appropriately characterized as non-existent rather than continuous and substantial.

### III. CONCLUSION

For the reasons set forth above, Joseph and Maureen Levy respectfully request that this Honorable Court deny Plaintiffs' Motion for Entry of Default Judgment Against them, and award costs and reasonable attorneys fees, since Plaintiff had no reasonable factual or legal basis to file this Motion.

                                             Respectfully submitted,

                                             MATTIONI, LTD.

Dated: September 5, 2003: _____ BY: _____
                                                           FAUSTINO MATTIONI, ESQUIRE
                                                           PAUL A. KETTUNEN, ESQUIRE
                                                           399 Market Street, Second Floor
                                                           Philadelphia, PA 19106
                                                           (215)629-1600