LAW OFFICES OF THOMAS MORE HOLLAND
BY: **THOMAS MORE HOLLAND**
IDENTIFICATION NO.: 43517
1522 LOCUST STREET
GRACE HALL
PHILADELPHIA, PA 19102
(215) 592-8080

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH MARINO** § | |
|     **Plaintiff,** § | |
|     v. § | |
| §  | |
| **KENT LINE INTERNATIONAL** § | |
| d/b/a VOYAGEUR SHIPPING LTD., et al. § | **CIVIL ACTION NO: 02-CV-4488** |
|     **Defendants.** § | |
| § | |

## PLAINTIFF'S SUPPLEMENTAL ARGUMENT IN OPPOSITION TO THE 9/15/02 REPLY OF DEFENDANT SLS, INC. (HOLT).

Plaintiff's Exhibit "H" is a cautionary letter from Kent Line employee Richard Klompe. It was addressed to Defendant Inchcape, Defendant Joseph Levy and Shawn Allison. Defendant Joseph Levy was employed by SLS, Inc. (Holt). (Plaintiff's Exhibit "A", Deposition of Joseph Levy N.T. at 6:23-24, 15:22-24, 16:1-13).

Defendant Joseph Levy's conduct apparently disregarded the cautionary notice contained in Exhibit H. Specifically, Defendant Joseph Levy acknowledged that he had subsequent conversations with Mr. Klompe in preparation for the discharge of the vessel. It is a genuine issue of material fact whether Defendant Joseph Levy disregarded the admonition contained in Exhibit H and the telephone conversation with Mr. Klompe on the date of the injury. (<u>Id</u>. at 108). Such misfeasance or nonfeasance is a genuine issue of material fact with respect to the negligence of

Defendants Holt and Joseph Levy.

A fact finder may determine that Exhibit H required more vigilant conduct by Defendant Joseph Levy.  It is a logical inference from Exhibit H that Defendant Joseph Levy was in his capacity is a safety consultant employed by SLS, Inc. (Holt).  (Id. at 19:14-24, 20:7-9, 127:16-17).  Therefore, Defendant Joseph Levy had a duty to assist Defendant Trans Ocean and he was required to be more hands-on and diligently involved in providing notice to the stevedore and preparations for discharge.  This safety consultant stated that due to his physical condition he seldom, if ever, goes aboard the vessel.  (Id. at 81-82).

        Respectfully Submitted,

**THOMAS MORE HOLLAND,**
Attorney for Plaintiff

**DATED:**   September 22, 2003

<u>PROOF OF SERVICE</u>

  I, Thomas More Holland, Esquire, hereby certify that a true and correct copy of the foregoing *Plaintiff's Supplemental Argument in Opposition to the 9/15/02 Reply of Defendant SLS, Inc. (Holt) to the following parties, by hand delivery on September 22, 2003*:

The Honorable Berle M. Schiller
United States District Court for the
Eastern District of Pennsylvania
601 Market Street, Room 5918
Philadelphia, Pennsylvania 19106

United States District Court for the
Eastern District of Pennsylvania
Clerks Office
601 Market Street, 2nd Floor
Philadelphia, Pennsylvania 19106

  I, Thomas More Holland, Esquire, hereby certify that a true and correct copy of the foregoing *Plaintiff's Supplemental Argument III in Opposition to Defendant's Kent Line Motion for Summary Judgement and Affidavit to the following parties, by regular mail*:

Ann-Michele G. Higgins, Esquire
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

A. Robert Degen, Esquire
Fox Rothschild O'Brien & Frankel
2000 Market Street - 10th floor
Philadelphia, PA 19103

Faustino Mattioni, Esquire
Mattioni, Ltd.
399 Market Street
2d Floor
Philadelphia, PA 19106

Mr. Joseph Levy
615 Newton Avenue
Oaklyn, NJ 08107

Maureen Levy
118 Woodland Terrace
Oakland, NJ 09107


September 22, 2003
Date                       THOMAS MORE HOLLAND
                          Attorney for Plaintiff