# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO | : | CIVIL ACTION |
| Plaintiff | : | NO. 02-4488 |
| v. | : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND LOGISTICAL TECHNOLOGIES, ET AL. | : | |
| Defendants | : | |

### DEFENDANTS SLS, INC. d/b/a HOLT OVERSIGHT AND LOGISTICAL TECHNOLOGIES'S PROPOSED POINTS FOR CHARGE

**Nature of the Action**

Plaintiff, Joseph Marino, a longshore worker who was employed as a stevedore with Trans Ocean Maritime Services, Inc. at the time of the incident, seeks damages under the Longshoreman and Harbor Workers' Compensation Act, for personal injuries suffered while assisting in the discharge of cargo from the vessel KENT VOYAGEUR, owned and operated by co-Defendant Kent Line International d/b/a Voyageur Shipping, Ltd.  Co-Defendant Inchcape Shipping acted as the vessels port agent at relevant times.  Co-Defendant SLS, Inc., d/b/a Holt Oversight and Logistical Technologies, Inc. ("SLS") was a managing consulting agency which performed various services for its principals, including Plaintiff's employer, Trans Ocean Maritime Services, Inc.  SLS provided Trans Ocean Maritime Services, Inc.  with  bookkeeping, billing and invoicing, and general management services, the latter through its assignment of Paul Levy to Trans Ocean as a general manager.

Plaintiff claims that his injuries were caused by the negligence of the above named Defendants.

Defendant, SLS denies that Plaintiff was injured as a result of any negligence on its part and further asserts that Holt was at all time acting for a disclosed principal, Trans Ocean, and that absent proof of independent fault on its part, SLS cannot be liable for any negligent acts of Trans Ocean. SLS asserts that there was no independent fault of the part of SLS, since the evidence shows that neither SLS nor any of its employees committed any negligent acts and/or any acts which had any causal relationship to Plaintiff's alleged injuries.

F.J.I. § 156.210; <u>Valenti v. Home Lines Cruises, Inc.</u>, 614 F. Supp. 1 (D. N.J. 1984); <u>Seigler v. American Surety Co.</u>, 151 F. Supp. 556 (D.Ca. 1957); <u>Rookard v. Melko</u>, 680 F.2d 1257, 1261 (9th Cir. 1982); <u>Fuller v. Melko,</u> 76 A. 2d 683 (N.J. 1950); 3 C.J.S. 119, §215; <u>Dodson Co. v. Delano,</u> 266 Pa. 560, 109 A. 676 (Pa. 1920).

**Longshore and Harbor Workers Compensation Act**

The Federal Longshore and Harbor Worker's Compensation Act provides that in the event that an employee covered by the Act is injured by the negligence of a vessel or another third party, that employee is entitled to recover damages for those injuries and may bring an action against the vessel and/or another third party.

F.J.I. §156.220, modified by insertion of "or another third party", as set forth in §933.

While a claimant may bring an action against third parties where their negligence causes

injuries, he may not bring an action against his employer in the absence of proof that his employer committed an act specifically intended to harm him.

33 U.S.C. §905(a); §933. <u>Peter v. Hess Oil Virgin Islands, Corp.</u>, 903 F.2d 935, 938-40 1900 A.M.C. 2150, 2154-56 (3rd. Cir. 1990), REH. Den. F.2d. 1179 (1990), *cert. den.* 498 U.S. 1067, 112 L.Ed.. 2d. 846, 111 S. Ct. 783 (1991); <u>ADM/Growmark River System, Inc., Lim, PRO. Barge Rebecca</u>, 234 F.3d. 881, 2001 A.M.C. 670 (5th Cir. 2000); <u>Johnson v. Odeca Oil and Gas Company</u> 864 F.2nd 40, 1990 A.M.C. 35 (5th Cir. 1989); <u>Sample v. Johnson</u>, 771 F.2d 1335, 1986 A.M.C. 2621 (9th Cir. 1985), cert. den., 475 U.S. 1019, 89 L.Ed.2d 319, 106 S.Ct. 1206, 1986 A.M.C. 2704 (1986); <u>Houston v. Bechtel Associates Professional Corp, D.C.</u>, 522 F. Supp. 1094 (D.D.C., 1981); <u>Cobb v. Sipco Servs. & Marine</u>, 1997 A.M.C. 1964 (E.D. La. 1997); <u>Mosley v. Trinity Industries, Inc., et. al.</u>, 1998 U.S. Dist LEXIS 2197 (E.D., La. 1998); *accord,* as applied to Pennsylvania Worker's Compensation Act: <u>Weldon v. Celotex Corp.</u>, 695 F.2d 67 (3rd Cir. 1982); <u>Ulicny v. National Dust Collector Corp.</u>, 391 F. Supp. 1265 (E.D. Pa. 1975); <u>Tiscornia v. Sysco Corp.</u>, 1997 U.S. Dist. LEXIS 9148 (E.D. Pa. 1997).

**Essential Elements of Plaintiff's Claim - The Existence of a Duty of Care Owed by SLS**

In order to find Co-Defendant SLS liable, you must first find that SLS owed a duty of care to Plaintiff Joseph Marino, that SLS breached that duty, and that the breach of that duty was a proximate cause of Plaintiff's injuries.

W. Prosser, Handbook on the Law of Torts §30, at 13 (4th Ed. 1971), cited in Zimmer Paper Products, Inc. v. Berger & Montague, P.C., 758 F.2d 86 (3rd Cir. 1985).

**Essential Elements of Plaintiff's Claim**

In order to prove the essential elements of Plaintiff's claim, the burden is upon Plaintiff, Joseph Marino to establish by a preponderance of the evidence in the case the following facts:

(1) That Plaintiff Joseph Marino is a worker covered by the Longshore and Harbor Worker's Compensation Act;

(2) That Plaintiff Joseph Marino was injured while working on a vessel in navigable waters in the United States;

(3) That Defendant SLS was negligent in one or more of the particulars alleged; and

(4) That Defendant SLS's negligence was a proximate cause of some injury and consequent damages suffered by Plaintiff Joseph Marino.

F.J.I. §156.230

**Essential Elements of Plaintiff's Claim**

If you find that Holt was acting at all times as an agent for its disclosed principal, Trans Ocean, you cannot find Holt liable for Plaintiff's injuries unless you determine that Holt committed some act of fault separate and independent of any wrongful acts of Trans Ocean.

Valenti v. Home Lines Cruises, Inc., 614 F. Supp. 1 (D. N.J. 1984); Seigler v. American Surety Co., 151 F. Supp. 556 (D.Ca. 1957); Rookard v. Melko, 680 F.2d 1257, 1261 (9th Cir. 1982); Fuller v. Melko, 76 A. 2d 683 (N.J. 1950); 3 C.J.S. 119, §215; Dodson Co. v. Delano, 266 Pa. 560, 109 A. 676 (Pa. 1920).

**Borrowed Servant Defense**

SLS asserts that the only consultant employed by SLS assigned to Plaintiff's employer, Trans

Ocean Maritime Services, Inc., during the relevant time period that had duties beyond those of bookkeeping was Joseph Levy, assigned to Trans Ocean as a general manager, and that Mr. Levy at all times was the "borrowed servant" of Trans Ocean.

If you determine that Mr. Levy was the borrowed servant of Trans Ocean Maritime Services, Inc., he would be entitled to share in the immunity of Trans Ocean Maritime Services, Inc., as provided under the Longshore and Harbor Workers' Compensation Act, and no liability for any negligent acts on his part could be attributed to Holt.

Peter v. Hess Oil Virgin Island Corp., 903 F.2d 935, 1990 A.M.C. 2150 (3rd Cir. 1990), reh. en banc den., 910 F.2d 1179 (1990), cert. den., 498 U.S. 1067, 112 L.Ed. 2d 846, 111 S.Ct. 783 (1991); Louise v. Shell Oil C.L.P.,. 413 F.2d 301 (3rd Cert 1969); Huff v. Marine Tank Testing Corp. 631 F.2d 1140 (4th Cir. 1980); Vanterpool v. Hess Oil V.I. Corp., 766 F.2d 117 (3rd Cir. 1985), cert. den., 474 U.S. 1059, 88 L.Ed.2d 777, 106 S.Ct. 801 (1986); Revak v. Network Shipping, et. al., 1996 U.S. Dist. LEXIS 15524 (E.D. Pa. 1996).

**Borrowed Servant Determination**

In order to determine whether Mr. Levy was the borrowed servant of Trans Ocean Maritime

Services, Inc., the focus of the inquiry is to determine first, whether the borrowing employer was responsible for the borrowed employee's working conditions; and second, whether the employment was of such duration that the borrowed employee could be assumed to have acquiesced in the risks of the new employment. You must look at nine factors in making this determination: (1) Who has control over the employee and the work he is performing, beyond mere suggestion of details for cooperation? (2) Whose work is being performed? (3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer? (4) Did the employee acquiesce in the new work situation? (5) Did the original employer terminate his relationship with the employee? (6) Who furnished tools and place for performance? (7) Was the new employment over a considerable length of time? (8) Who had the right to discharge the employee? (9) Who had the obligation to pay the employee?

Gaudet v. Exxon Corp., 562 F.2d 351, 355, 1978 A.M.C. 591 (5th Cir. 1977), cert. den., 436 U.S. 913, 56 L.Ed.2d 414, 98 S.Ct. 2253 (1978); Peter v. Hess Oil Virgin Island Corp., 903 F.2d 935, 1990 A.M.C. 2150 (3rd Cir. 1990), reh. en banc den., 910 F.2d 1179 (1990), cert. den., 498 U.S. 1067, 112 L.Ed. 2d 846, 111 S.Ct. 783 (1991).

**Causation**

An injury or damage is proximately caused by and act, or failure to act, whenever it appears

from the evidence in the case that the act or omission played a part in bringing about or actually causing the injury or damage, that the injury or damage was either a direct result or a reasonably probable consequence of act or omission.

F.J.I. §156.250

**Inference From Fact or Accident Alone**

  The near fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by negligence.


F.J.I. §156.251

**Defendant's Contention as to Negligence Claim**

By way of defense to Plaintiff's claim, Defendant SLS denies that there was any negligence on its part that proximately caused any injury or damage to Plaintiff Joseph Marino. Defendant SLS also alleges that, if the accident was caused by the negligence on the part of anyone, it was the negligence of Plaintiff Joseph Marino, the negligence of Plaintiff's employer, Trans Ocean, the negligence of one of the other Defendants to this action, and/or the negligence of some other third party and/or natural forces that was the sole or only proximate cause of the accident and of any consequent injury or damage to Plaintiff Joseph Marino.

Unless you find that Defendant SLS's negligence was the proximate cause of the accident, your verdict must be for Defendant SLS. If the negligence of Plaintiff Joseph Marino was the sole or only proximate cause of the accident, then the Plaintiff is not entitled to recover from Defendant SLS and your verdict must be for Defendant SLS.

F.J.I. §156.260

**Contributory Negligence**

Defendant SLS further alleges that, even if it is found, from a preponderance of the evidence in the case, that there was some negligence on the part of Defendant SLS, that was a proximate cause of any injuries and consequent damages Plaintiff Joseph Marino may have sustained, Plaintiff Joseph Marino was, nevertheless, guilty of contributory negligence reduced in the amount Plaintiff Joseph Marino would otherwise be entitled to recover.

Contributory negligence is fault on the part of the person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury.

By the defense of contributory negligence, Defendant SLS in effect alleges that, even though Defendant SLS may have been guilty of some negligent act or omission that was one of the proximate causes, Plaintiff Joseph Marino, by his own failure to use ordinary care under the circumstances for his own safety at the time and place in question also contributed one of the proximate causes of any injuries and consequent damages Plaintiff Joseph Marino may have suffered.

The burden is on the Defendant who alleges the defense of contributory negligence, to establish, by a preponderance of the evidence the claim that Joseph Marino was also at fault, and contributed one of the proximate causes of any injuries and consequent damages Plaintiff Joseph Marino may have sustained.

F.J.I. §156.261

**Damages**

If you decide for Plaintiff Joseph Marino on the issue of negligence, you must then fix the amount of money that will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the negligence of Defendant SLS:

(1)  The nature, extent and duration of the injury to Plaintiff Joseph Marino.

(2)  The pain, discomfort, suffering, disability and anxiety experienced, and reasonably probable to be experienced in the future by Plaintiff Joseph Marino as a result of the injury.

(3)  Reasonable expenses of necessary medical care, treatment and services rendered, and reasonably probable to be incurred in the future, Plaintiff Joseph Marino.

(4)  Earnings that were lost by Plaintiff Joseph Marino to date, and any decrease in earning power or capacity by Plaintiff Joseph Marino in the future.


F.J.I. §156.270

**Mitigation**

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to effect a recovery from such injuries.

If you should find that Defendant SLS proved that Plaintiff Joseph Marino, within the limitations of any disability he may have sustained, failed to seek out or take advantage of a business or employment opportunity that was reasonably available to him under the circumstances shown by the evidence, then you should reduce the amount of Plaintiff's damages by the amount he could have reasonably realized if he had taken advantage of such opportunity.

F.J.I. §156.272

**Present Worth and Future Loss**

If you should find that Plaintiff Joseph Marino is entitled to a verdict, and further find that the evidence in the case is either: (1) a reasonable likelihood of future medical expense, or (2) a reasonable likelihood of loss of future earnings, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damage, since the award of future damages necessarily requires that payment be made for a loss that will not actually be sustained until some future date.

Under these circumstances, the result is that Plaintiff, Joseph Marino will in effect be reimbursed in advance of the loss, and so will have the use of money that he would not have received until some future date but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of money representing a lump-sum payment of anticipated future loss, the law requires you to discount, or reduce to its present worth, the amount of the anticipated future loss by taking (1) the interest rate or return the Plaintiff Joseph Marino could reasonably be expected on an investment of the lump-sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained.

Then reduce, or in effect deduct, the total amount of anticipated future loss whatever that amount would be reasonably certain to earn or return if invested at such rate of interest over such future period of time.  Include in the verdict, an award for only present-worth - the reduced amount - of anticipated future loss.

F.J.I. §156.273

**Income Tax Effects of Award**

      Plaintiff, Joseph Marino will not be required to pay any federal or state income taxes on any amount that you award. When calculating lost earnings, if any, you should use after-tax earnings.

F.J.I. §156.274

**Reduction of Damages for Contributory Negligence**

If you find for Plaintiff Joseph Marino, but also find that Plaintiff's own negligence was the cause of his injury, you must specify the percentage of negligence you attribute to Plaintiff Joseph Marino.

For example, if you attribute to Plaintiff Joseph Marino 10% of the total negligence which caused the his injury, the amount you would otherwise award Plaintiff Joseph Marino must be reduced by 10%. Of course, by using 10% as an example, I do not mean to suggest any figure to you. The percentage of Plaintiff's negligence, if any, is for you to decide.

F.J.I. §156.275