## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | NO.  02-4488 |
| | : | |
| v. | : | |
| | : | |
| SLS, INC. d/b/a HOLT OVERSIGHT AND | : | |
| LOGISTICAL TECHNOLOGIES, ET AL. | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, SLS, INC. d/b/a HOLT OVERSIGHT AND LOGISTICAL TECHNOLOGIES, TRANS OCEAN MARITIME SERVICES, INC., AND JOSEPH LEVY'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

"The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985), cert. den., 476 U.S. 1171, 90 L.Ed.2d. 982, 106 S. Ct.2895 (1986).  A District Court should only grant a Motion for Reconsideration if the moving party establishes that:

(1)    there is new evidence not previously available;

(2)    an intervening change in controlling law occurred; or,

(3)    there is a need to correct a clear error of law or to prevent manifest injustice.

Reich v. Compton, 834 F.Supp. 753 (E.D. Pa. 1993); Dodge v. Susquehanna University, 796 F.Supp. 829, 830  (M.D. Pa. 1992); Walker v. Spiller, 1998 U.S. Dist. LEXIS 8428, No. Civ. A. 97-6720, 1998 W.L. 306540 @*2 (E.D. Pa. 1998).  District Courts should grant such motions only sparingly because of their strong interest in finality of judgment.  Continental Cas. Co. v. Diversified Funds., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Under this standard, Plaintiff is has not provided this Court with any basis for altering its decision on Defendants' Motions for Summary Judgment.  Plaintiff has not requested reconsideration

of the Order with regard to SLS, Inc. d/b/a Holt Oversight and Logistical Technologies.  With regard to Defendant Joseph Levy, Plaintiff claims that Plaintiff was "denied due process of law in adjudicating summary judgment of Defendant Joseph Levy insofar as there was no motion for summary judgment filed on behalf of Defendant Joseph Levy." (Plaintiff's Motion, para. 5).  This is not accurate.  The Court did not grant Summary Judgment in favor of Joseph Levy, but dismissed the claims against Mr. Levy pursuant to Fed.R.Civ.P. 4(m) for failure to effect service.[1]

For the reasons set forth above, Defendants, SLS, Inc. d/b/a Holt Oversight and Logistical Technologies, Trans Ocean Maritime Services, Inc., and Joseph Levy, pray this Honorable Court dismiss Plaintiffs' Motion for Reconsideration and award reasonable attorney fees and costs to the extent that this Court deems proper and just.

Respectfully submitted:

MATTIONI, LTD.

BY: _____

_____ Faust Mattioni, Esquire
Paul A. Kettunen, Esquire
Mattioni, Ltd.
399 Market Street, 2nd Floor
Philadelphia, PA 19106
(215) 629-1600

Dated _____

---

[1]  Although the Court did hold that, as a matter of law, neither SLS, Inc. d/b/a Holt Oversight and Logistical Technologies nor Joseph Levy owed a duty of care to Plaintiff (Order, VI, pp. 13-15; VII, p. 16, footnote 9), and that as such, even if Plaintiff had demonstrated good cause for its failure to serve Mr. Levy, Summary Judgment in favor of Mr. Levy would have been granted on the grounds set forth in VI of the Memorandum. (Order, VII, p. 16, footnote 9).