IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO,         Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | |
| KENT LINE INTERNATIONAL, LTD., et al.,         Defendants. | : : : | No. 02-4488 |

**MEMORANDUM AND ORDER**

Schiller, J.                                                                                               October 29, 2003

  Presently before the Court is Plaintiff's Motion for Reconsideration of the Court's Order of October 3, 2003, which dismissed the claims against Defendant Joseph Levy for failure to effect service of process and granted summary judgment to, inter alia, Defendant Inchcape Shipping. For the reasons set out below, the Court denies Plaintiff's motion.

  As the Third Circuit has stated:

> The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations omitted).

  In the instant case, Plaintiff proposes two grounds for reconsideration. First, Plaintiff presents a series of emails that Plaintiff claims establishes the factual errors in the Court's grant of summary judgment. Plaintiff's Motion, however, explicitly states that these documents were produced by Defendants during the course of discovery and were "not previously presented to the

Court for consideration." (Pl.'s Mot. for Recons. ¶ 2.) Accordingly, the documents are not "new evidence that was not available when the court granted the motion for summary judgment," *Max's Seafood*, 176 F.3d at 677, and therefore they cannot be grounds for reconsideration.[1]

Second, Plaintiff claims that the Court denied his Due Process rights "in adjudicating summary judgment of Defendant Joseph Levy insofar as there was no motion for summary judgment filed on behalf of Defendant Levy." (Pl's Mot. for Recons. ¶ 5.) The primary problem with this argument, however, is that the Court did not grant summary judgment to Joseph Levy. Instead, the Court dismissed Plaintiff's claims against Levy for failure to effect service of process. *See Marino v. Kent Line Int'l*, Civ. No. 02-4488, Order ¶ 5 (E.D. Pa. Oct. 3, 2003) ("Plaintiff's claims against Joseph Levy are DISMISSED for lack of service of process."); *see also* FED. R. CIV. P. 4(m). Plaintiff's Motion does not even acknowledge the service-of-process issue, much less provide an explanation as to why the Court's ruling was in error. Accordingly, the Court denies Plaintiff's Motion as to Joseph Levy.

For the reasons stated above, the Court denies Plaintiff's Motion for Reconsideration. An appropriate Order follows.

---

[1] The Court notes that even if it were to consider these documents, Plaintiff's motion would be denied on substantive grounds. The emails in question, even if construed in the light most favorable to Plaintiff, do not tend to establish that the unloading of the KENT VOYAGEUR was within the active control of anyone other than the stevedore. Plaintiff's tacit assertion that Inchcape's monitoring of the progress of the unloading constitutes active control for the purposes of the LHWCA is unsupported by case law, and Plaintiff's Motion does not cite a single authority in support of his proposition.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MARINO, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENT LINE INTERNATIONAL, LTD., | : | |
| et al., | : | No. 02-4488 |
|     Defendants. | : | |

## ORDER

**AND NOW**, this **29th** day of **October**, **2003**, upon consideration of Plaintiff's Motion for Reconsideration and the responses thereto, it is hereby ORDERED that Plaintiff's Motion for Reconsideration (Document No. 67) is **DENIED**.

BY THE COURT:

_____
**Berle M. Schiller, J.**